UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>ANUBOR J. BAGBI,<br><br>            Defendant. | Case No. 1:23-cr-00045-AKB-1<br><br>**FINAL ORDER OF FORFEITURE** |

      This matter comes before the Court on the United States' Motion for Final Order of Forfeiture. (Dkt. 55).

      The Court entered a Preliminary Order of Forfeiture, Final as to Defendant and Forfeiture Money Judgment ("POF") (Dkt. 49) of the Subject Property and found a sufficient nexus and statutory authority, as described below. The Court incorporates its findings from the POF into this Final Order of Forfeiture.

      **Subject Property:**

      a) Seized Property:

         1. Approximately $11,784.41 in seized currency from Unify Federal Credit Union Account No. 3629020 (seized in accordance with the warrant issued in Case No. 1:23-mj-00099-DKG);

         2. $139 in cash seized on December 15, 2022;

         3. Blue iPhone with black Otterbox case seized on December 15, 2022;

**FINAL ORDER OF FORFEITURE - 1**

    4. Black Nokia phone seized on December 15, 2022;

    5. Green iPhone with white case seized on December 15, 2022.

b) Unseized JP Morgan Chase Accounts: AMB Farms LLC account ending in 3310 and LG Farms USA LLC account ending in 9259.

### Money Judgment Previously Ordered

The POF included a forfeiture money judgment for $222,051.86. That forfeiture money judgment is final, as explained in the POF.

### Nexus and Factual Basis for Forfeiture

The Defendant pleaded guilty to counts three and six of the Indictment, a violation of 18 U.S.C. § 1344(I) and 18 U.S.C. § 1028A. (Plea Agreement and Plea Hearing Minutes Dkts. 34 and 37). Defendant admitted to possessing the Subject Property in connection with opening fraudulent business accounts using information from stolen checks, which he then deposited into these accounts and withdrew the proceeds. (Plea Agreement, Dkt. 34).

The Court sentenced the Defendant and entered Judgment. (Judgment, Dkt 52).

### Statutory Authority

The Court's forfeiture authority originates from 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provide that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 1344, the Court, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense.

### The Court's Additional Findings

The Court FINDS that the record and pleadings reflect the following.

The United States caused notice of the above-referenced forfeiture order to be published and sent in accordance with the requirements of Federal Rule of Criminal Procedure 32.2(b)(6)(A).

**FINAL ORDER OF FORFEITURE - 2**

This included publication on an official government internet site (www.forfeiture.gov).  *See* Criminal Rule 32.2(b)(6)(C) and Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

No claims were filed.

**The Court's Orders**

The Court therefore ORDERS the following.

The Motion for Final Order of Forfeiture is GRANTED.

The Court directs the United States Attorney General (or a designee) to seize all of the forfeited properties described in this Order, not previously seized.

All right, title and interest to the Subject Property is hereby condemned, forfeited and vested in the United States.  No claim of interest in said property shall exist in any other person or entity.  Said property shall be disposed of according to law.

All parties herein shall bear their own costs and fees.

DATED: March 07, 2024

_____
Amanda K. Brailsford
U.S. District Court Judge

**FINAL ORDER OF FORFEITURE - 3**